UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

IMPALA WAREHOUSING (US) LLC,

                Plaintiff,

- against -

KOSTMAYER CONSTRUCTION, LLC

                Defendant.

------------------------------------------------------x

12 CV 6799 (HB)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is a motion to dismiss brought by Defendant Kostmayer Construction, LLC ("Defendant") against Plaintiff Impala Warehousing (US) LCC ("Plaintiff"). Plaintiff commenced an action in New York based on a contract that is already the subject of a suit brought by Defendants pending in the Eastern District of Louisiana. For the reasons stated below, Defendant's motion to dismiss is GRANTED.

## Background

      Plaintiff is a Delaware limited liability company with its principal place of business in Connecticut. Compl. ¶ 4. Defendant is a Lousiana limited liability company whose principal place business is also Louisiana. *Id.* ¶ 5. Plaintiff and Defendant entered into a construction contract dated April 27, 2012 ("Contract"), under which Defendant agreed to provide materials and perform work as a part of Plaintiff's project to transform the Burnside Marine Terminal in Darrow, Louisiana, into a bulk terminal. *Id.* ¶ 7. In exchange, Plaintiff agreed to pay $1,046,100, as well as additional $95,000 for expedited performance. *Id.* ¶¶ 9-10. The Contract provides, inter alia, a New York choice of law provision, as well as a forum selection clause, which reads as follows: "The Parties agree that any suit, action or other legal proceeding by or against any Party with respect to or arising out of the Agreement or any instrument or agreement required hereunder shall be brought exclusively in the United States District Court of the Southern District of New York or the courts of the State of New York, in the City of New York, borough of Manhattan, as the Party instituting such suit, action or other legal proceeding may elect . . . ." *Id.* ¶ 6; Cohen Affirm. Ex. G, at 50.

Plaintiff alleges that Defendant was both behind schedule and failed to meet the contractual standards. Compl. ¶¶ 12-13. Consequently, on May 31, 2012, Plaintiff informed Defendant that it was terminating the Contract. *Id.* ¶ 18. In response, Defendant sent a cure letter on June 7, 2012, but the Complaint alleges that it came too late. *Id.* ¶¶ 20-22.

About a month later, on July 5, 2012, Defendant commenced an action in a Louisiana state court based on the Contract, alleging improper termination. Cohen Affirm. Ex. A. Plaintiff subsequently removed the matter to the federal court in the Eastern District of Louisiana and filed its Answer, Affirmative Defenses, and Counterclaim on August 23, 2012. *Id.* Ex. B, C. On the same day, Plaintiff filed a Complaint in the New York State Supreme Court, which was identical to its Counterclaim in the Louisiana action. *Id.* Ex. E. The case was then removed by Defendant to the Southern District Court of New York on September 7, 2012. *Id.* Ex. F. In the meantime, a pre-trial conference was held on September 4, 2012, in the Eastern District of Louisiana, and a scheduling order, with a trial date of May 13, 2013, was entered. *Id.* Ex. D. On December 5, 2012, however, the Louisiana Eastern District Court granted Plaintiff's motion to stay discovery pending the outcome of this motion. *Kostmayer Const., LLC v. Impala Warehousing (US) LLC*, No. Civ.A. 12-2104, 2012 WL 6047115 (E.D. La. Dec. 5, 2012).

## Discussion

"Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (quoting *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986)). The first-filed rule "embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotation marks and citations omitted). Here, the parties do not dispute that the action in the Eastern District of Louisiana was filed first and the two cases arise from the same contract. The issue before the Court, therefore, is limited to whether either of the two exceptions to the first-filed rule—"balance of convenience" or "special circumstances"—apply.

2

### A. Balance of Convenience Factors Does Not Favor New York

The Second Circuit has concluded that the "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Employers Ins. of Wausau*, 522 F.3d at 275 (citation omitted). These factors include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Id.* (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)) (alteration in original).

I agree with Defendant that the balance of convenience factors does not favor New York. The relative means of the parties has not been raised as an issue by either party. On the other hand, both parties maintain places of business in Louisiana, and the subject matter of the Contract and dispute, i.e. the construction project, is located in Louisiana. Therefore, all relevant witnesses, documents, and facts are located in Louisiana. Notably, Plaintiff does not even attempt to argue that the balance weighs in favor of New York. *See* Pl.'s Opp. The only aspect that weighs in Plaintiff's favor is the choice of law and the forum selection clause, but this alone is not enough to carry the day, in light of other factors that favor Louisiana.

### B. There Are No Special Circumstances

The Second Circuit has remarked, "[g]iven the centrality of the balance of convenience, the 'special circumstances' in which a district court may dismiss the first-filed case without this analysis are quite rare." *Employers Ins. of Wausau*, 522 F.3d at 275. Nevertheless, Plaintiff's Opposition Memorandum principally relies on this exception, arguing that "special circumstances are present in cases like this one, where a mandatory, exclusive forum-selection clause[1] fixes venue in the court of the second-filed action." Pl.'s Opp. 3. I beg to differ. As far as the Court is aware, this Circuit has identified only two special circumstances: (1) an improper anticipatory declaratory judgment action filed in response to a direct threat of litigation; and (2) "where forum shopping *alone* motivated the choice of the situs for the first suit." *Employers Ins.*

---

[1] In a footnote, Defendant asserts that the forum selection clause is unenforceable as a matter of Louisiana law. Def.'s Supp. 5, n.1. I do not address the enforceability issue here, as the first-filed rule would apply regardless.

3

*of Wausau*, 522 F.3d at 275-276 (quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969)) (emphasis added in original).

Plaintiff relies on *National Union*, where the Second Circuit affirmed the district court's decision to reject the first-filed rule based on the following forum clause: "any action or proceeding concerning arbitrability, including motions to compel or stay arbitration, may be brought only in a court of competent jurisdiction in the City, County and State of New York." 409 F. App'x at 403. However, the Second Circuit's reasoning in that case was not that the exclusive forum selection clause constituted a special circumstance but that "[f]orum shopping is one of those special circumstances," *id.*, based on the district court's finding that the "decision to disregard its contractual obligation to arbitrate . . . is a form of forum shopping." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Prof'l Football Ltd. P'ship*, No. 09 Civ. 7490, 2010 WL 286634, at *3 (S.D.N.Y. Jan. 15, 2010) (citing cases on parties' attempt to abuse or evade their arbitration agreement). The problem for Plaintiff is that *National Union* is just not the case before me.

Irrespective of the forum selection clause, under the narrow exceptions identified by the Court, Plaintiff must show that Defendant's action was motivated by forum shopping alone, since Plaintiff does not contend that Defendant filed an improper anticipatory declaratory judgment action. This does not mean any evidence, but "[r]ather, [that] the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first." *Employers Ins. of Wausau*, 522 F.3d at 276. Again, Plaintiff here does not argue that there was any manipulative or deceptive behavior by Defendant.

More importantly, as discussed above, it is not disputed that the ties between the facts here and Louisiana are strong and that there is no connection to New York aside from the exclusive forum selection clause.[2] In my view, the existence of an exclusive forum selection clause alone, while relevant and significant, is not sufficient to label Defendant's first-filed action in Louisiana the result of the kind of forum shopping that would constitute a special circumstance. *Cf. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113

---

[2] During the oral argument, I asked, but Plaintiff's Counsel could not articulate, why New York would be a better forum than Louisiana, except that the parties had agreed to a forum selection clause.

4

(2d Cir. 2010) (enforcing the forum selection clause after "a balancing of conveniences" because the insurance policy was also "negotiated and executed in New York, [and] issued by a New York insurer"); *Comedy Partners v. St. Players Holding Corp.*, 34 F. Supp. 2d 194, 197 (S.D.N.Y. 1999) ("Finally, even if the clause were mandatory and not permissive . . . . a mandatory forum selection clause is a 'significant factor' in the court's calculus, but one that is not necessarily dispositive.") (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–31 (1988); *Red Bull Associates v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988)).

In abundance of caution, I have also considered cases from other circuits that have squarely faced the tension between the first-filed rule and a mandatory forum selection clause and enforced the contractual forum clause. This case is easily distinguishable from any of these because here, the forum selection clause is the only connection with New York. *See, e.g. Megadance USA Corp. v. Knipp*, 623 F. Supp. 2d 146, 149 (D. Mass. 2009) (concluding that the contractually specified "dispute forum was [also] to be the one closest to the franchisor's place of business"); *Samuel T. Freeman & Co. v. Hiam*, No. Civ.A. 12-1387, 2012 WL 2120474, at *9 (E.D. Pa. June 11, 2012) (noting that "the circumstances present in this case weigh in favor of litigating the suit" in the contractual forum because, inter alia, "[a]ll property related to this suit . . . is located in Philadelphia"); *Universal Operations Risk Mgmt., LLC v. Global Rescue LLC*, No. C 11-5969, 2012 WL 2792444 (N.D. Cal. July 9, 2012) (enforcing the designated forum of Massachusetts in favor of the defendant whose principle place of business is in Boston, Massachusetts). While I do not take the mandatory language of the clause lightly, in the absence of any other factor that supports Plaintiff's contention, I conclude that special circumstances are absent, and the motion to dismiss is granted.

## Conclusion

I have considered the parties' remaining arguments and find them to be without merit. Defendant's motion to dismiss is GRANTED. The Clerk of the Court is directed to close the case and remove it from my docket.

SO ORDERED
December 19, 2012
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.

5